IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 2, 2009

## JOSE JORDAN RODRIGUEZ v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2007-I-346     Steve Dozier, Judge**

---

**No. M2008-01960-CCA-R3-PC - Filed October 16, 2009**

---

The petitioner, Jose Jordan Rodriguez, appeals the denial of his petition for post-conviction relief. Pursuant to a plea agreement, the petitioner pled guilty to possession of a weapon with intent to employ it during the commission of an offense, a Class E felony, and possession with intent to sell over 26 grams or more of cocaine, a Class B felony. Following a sentencing hearing, the trial court sentenced the petitioner, as agreed, to concurrent sentences of one year and eight years for the respective convictions. The court further ordered that the sentences be served in confinement. On appeal, the petitioner contends that his guilty pleas were not knowingly and voluntarily entered due to the ineffective assistance of counsel. Specifically, he contends counsel was ineffective in failing to adequately advise him of the consequences of entering the guilty pleas. Following review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

William E. Griffith, Nashville, Tennessee, for the appellant, Jose Jordan Rodriguez.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Rachel Sobrero and Amy Eisenbeck, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

The underlying facts of the case, as recited at the guilty plea hearing, are as follows:

On February second, two-thousand-seven, Metro Police executed a search warrant at Twenty-Nine-Eleven Knight Drive, which is located here in Nashville-Davidson County.

The [petitioner] was found inside this residence, lying in the floor in the kitchen. Police saw a large bag of cocaine sticking from the right thigh pocket of the [petitioner's] pants. It weighed approximately one-hundred-seventy grams.

Police recovered from the [petitioner's] left front pocket seventy-one grams of cocaine. And, in a black bag in the same left front pocket, was thirty grams of cocaine, for a total of two-hundred-seventy grams of cocaine.

In the same pocket as some of the drugs, the officers located a fully-loaded forty-five-caliber magazine. Lying in the floor, in the general area where the [petitioner] was, was found a fully-loaded forty-five-caliber semiautomatic pistol.

The [petitioner] had four-hundred-ninety-two dollars in cash on him. Other money was found hidden in the house, for a total of one-thousand-two-hundred-eighty-six dollars.

A criminal information was returned which charged the petitioner with possession of a weapon with intent to employ it during the commission of an offense and possession with intent to sell 26 grams or more of cocaine. The petitioner subsequently pled guilty to the charged offenses and was sentenced, as a Range I standard offender, to concurrent sentences of one year and eight years for the respective convictions. Following a sentencing hearing, the trial court also ordered that the sentences be served in the Department of Correction. No direct appeal was taken.

The petitioner filed a timely *pro se* petition for post-conviction relief alleging that his guilty plea was not entered knowingly and voluntarily based upon the ineffective assistance of counsel. Following the appointment of counsel, an amended petition was filed. A hearing was subsequently held, at which the petitioner and the two attorneys who represented him testified. The petitioner testified that he was initially appointed an attorney to represent him. According to petitioner, he spoke no English at the time and that he first met his appointed counsel on the day he was to appear in court. The petitioner testified that no interpreter was present for the meeting. However, he testified that appointed counsel informed him that if he pled guilty, he would receive an eight-year sentence which would be suspended to probation. The petitioner specifically testified that appointed counsel informed him, during the two to three minute meeting, that if he "signed the paper", he would get probation.

According to the petitioner, he was subsequently approached by trial counsel, who informed him that he had been retained by a friend of the petitioners. The petitioner testified that, prior to the guilty plea hearing, trial counsel informed him that it was the judge who would decide whether he would receive probation. However, the petitioner stated trial counsel informed him that, if probation

was not given, he would serve no more than 1.4 years and then automatically be released from confinement. On cross-examination, however, the petitioner acknowledged that he was aware when he pled guilty before the trial court that the court would determine the manner of service of his sentence. He further acknowledged that prior to accepting the plea, the trial court carefully reviewed the sentences and the rights that he was waiving, and he stated to the court that he understood.

Next appointed counsel testified and stated that he had represented the petitioner only through the criminal information agreement. According to appointed counsel, he spoke with the petitioner prior to entry of the agreement and that an interpreter was present during the meeting. He testified that he specifically explained to the petitioner that it was the trial court who would determine the way in which the sentence would be served, either imposing probation, split confinement, or incarceration. He specifically stated that he never guaranteed that the petitioner would receive probation.

Finally, trial counsel testified and stated that he was retained to represent the petitioner by a friend of the petitioners. During their first meeting, the petitioner informed trial counsel that he had already "pled guilty and I'm going on probation." Trial counsel explained to the petitioner that it was the trial court who would make the determination regarding the manner of service of the sentence and that probation was not guaranteed. Trial counsel testified that he explained the procedures involved in the sentencing hearing, the possible sentence alternatives, and the petitioner's status with immigration. He stated that he specifically explained to the petitioner that after service of 30% of his sentence, he would be eligible for release on parole but that it was not guaranteed. Trial counsel, in contradiction to the petitioner's testimony, stated that he never told the petitioner that he would only have to serve 1.4 years of his sentence.

A transcript of the guilty plea hearing was also admitted into evidence. The transcript reflected that an interpreter was present during the entire proceeding. Moreover, it showed that the trial court specifically explained the possible sentencing alternatives which the petitioner could receive following the sentencing hearing, the rights he was waiving by pleading guilty, and that he had the right not to enter the pleas.

After hearing the evidence presented, the post-conviction court determined that the petitioner had received the effective assistance of counsel and that the guilty plea was entered knowingly and voluntarily. Accordingly, the court concluded that post-conviction relief was not appropriate. The petitioner timely appeals that decision.

**Analysis**

On appeal, the petitioner contends that his guilty plea was not entered knowingly and voluntarily based upon the ineffective assistance of counsel. Specifically, he contends that trial counsel "misrepresented to him the ramification of his guilty plea to the eight (8) year sentence, convincing him that if he had to serve the sentence, he would be mandatory released after serving 1.4 years."

In evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that, "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970). In making this determination, the reviewing court must look to the totality of the circumstances. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see also Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Indeed, a

> court charged with determining whether . . . pleas were 'voluntary' and 'intelligent' must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate that guilty pleas be voluntarily and intelligently made. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985) (citing *Alford*, 400 U.S. at 31, 91 S. Ct. at 164).

To succeed in a challenge for ineffective assistance of counsel, the petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the petitioner must establish (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a guilty plea, to satisfy the second prong of *Strickland*, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997). The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceeding. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel, however, is dependant upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001)

(citing Tenn. R. App. P. 13(d).  However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness.  *Id*. at 458.

Other than a recitation of relevant post-conviction law, the petitioner's entire argument on appeal is as follows:

> Trial counsel never adequately explained the plea consequences and the legal aspects of the case with [the petitioner.] [The petitioner] testified he did not understand how much time he would have to serve and that his release was at the discretion of the parole board rather than an automatic release. . . .  Trial counsel disputed that the [petitioner] was told he would only serve 1.4 years then be released automatically. . . .
>
> Trial counsel was ineffective, and [the petitioner] should have been granted post conviction relief.

In its written order denying relief, the post-conviction court found as follows:

> The Court is of the opinion that the petitioner failed to prove any factual allegations by clear and convincing evidence that his counsel was ineffective.  The Court reviewed the transcript of the guilty plea and notes that petitioner was asked, by way of an interpreter, if he understood the counts against him and the sentences which accompanied those counts.  The petitioner asserted that he did understand this fact.  The Court then told petitioner that based on his plea agreement he would have two felony convictions on his record, and petitioner said he understood.  The Court appraised the [petitioner] that a sentencing hearing would be held on April 27, 2008.  The petitioner next identified his signature at the base of the plea agreement and informed the Court that the document was read to him, he was not forced to enter the plea, and he had no questions regarding the plea agreement. . . .
>
> The Court accredits the testimony of counsel that he never promised the petitioner probation in exchange for his guilty pleas.  The Court finds that counsel, assisted by an interpreter, explained the petitioner's options in full and that the petitioner had complete comprehension of those options.  The Court finds the petitioner could not have believed he was entering a plea in exchange for probation.  Next, the Court finds that petitioner's second attorney never told petitioner that he could serve 1.4 years and then receive mandatory parole.  Instead, the Court finds likely that [trial counsel] informed the petitioner that he would serve 2.4 years, after serving 30% of the eight (8) year sentence, and then be *eligible* for parole.  Also, the Court was clear with the petitioner as to the sentence he could receive based upon the plea he was entering.  The Court does not find the testimony of the petitioner at the post-conviction hearing credible.

Review of the record reveals nothing which preponderates against the post-conviction court's findings that the petitioner, but for counsels' actions, would not have entered the plea. The petitioner's argument essentially asks this court to reweigh the credibility of the witnesses who testified at the post-conviction hearing. However, issues of credibility of witnesses and the weight to be given to their testimony are to be resolved by the trier of fact. *See Henley*, 960 S.W.2d at 579. It is not the province of this court to reweigh such determinations. While the petitioner testified that he was not aware of the ramifications of the plea agreement, specifically that he was not guaranteed probation or release after serving 30% of his sentence, both attorneys who represented the petitioner specifically testified that they informed the petitioner of the possible sentences he would receive. The post-conviction court accredited their testimony. Moreover, as noted by the post-conviction court, interpreters were used to ensure that the petitioner was properly informed, and the court itself at the plea acceptance hearing explained the possible sentences to the petitioner. Thus, the petitioner has failed to carry his burden in establishing that counsels were ineffective. Because the petitioner was represented by competent counsel who adequately explained the ramifications of pleading guilty, the petitioner has also failed to establish that his plea was not entered knowingly and voluntarily. As such, the petitioner was not entitled to relief.

## CONCLUSION

Based upon the foregoing, the denial of post-conviction relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE